IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| vs. | § § § § § | CASE NO. 6:14-CR-00059-JCB-JDL |
| LARRY SILLICK | § | |

## REPORT AND RECOMMENDATION
## ON REVOCATION OF SUPERVISED RELEASE

On September 24, 2024, the Court held a final revocation hearing on a Petition for Warrant or Summons for Offender under Supervision. The Government was represented by Assistant United States Attorney Dustin Farahnak. Defendant was represented by Assistant Federal Defender Ken Hawk.

*Background*

After pleading guilty to the offense of Felon in Possession of a Firearm and Ammunition, a Class C felony, Defendant Larry Sillick was sentenced on May 7, 2015, by United States District Judge Michael H. Schneider. The offense carried a statutory maximum imprisonment term of 10 years. The guideline imprisonment range, based on a total offense level of 15 and a criminal history category of V, was 37 to 46 months. Pursuant to a binding plea agreement accepted by the Court, the Court sentenced Defendant to imprisonment for a term of 120 months, followed by a 3-year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure and drug testing and treatment.

Defendant completed his term of imprisonment and started his term of supervised release on January 19, 2022. The case was re-assigned to United States District Judge J. Campbell Barker on March 11, 2024.

### *Allegations*

In the Petition seeking to revoke Defendant's supervised release, filed on March 12, 2024, United States Probation Officer Michelle Neubauer alleges that Defendant violated the following condition of supervised release:

1. **Allegation 1 (mandatory condition 1): The defendant shall not commit another federal, state, or local crime.** It is alleged that Defendant was arrested on February 17, 2024, in Rusk County, Texas, for the on-sight offense of Manufacture and Delivery of a Controlled Substance Penalty Group 1 >=4 grams<200 grams.

2. **Allegation 2 (standard condition 2): The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month** It is alleged that Defendant failed to submit his report within the first five days of the month, for the month of March 2024.

3. **Allegation 3 (standard condition 7): The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician.** It is alleged that Defendant was in possession of methamphetamine when he was arrested in Rusk County, Texas, on February 17, 2024.

4. **Allegation 4 (standard condition 9): The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.** It is alleged that Defendant was engaging in criminal activity with Kathryn Lee on February 17, 2024.

5. **Allegation 5 (standard condition 11): The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.** It is alleged that Defendant failed to notify the probation officer of his February 17, 2024 arrest.

### *Applicable Law*

According to 18 U.S.C. § 3583(e)(3), the Court may revoke the term of supervised release and require a Defendant to serve in prison all or part of the term of supervised release without credit for the time previously served under supervision, if it finds by a preponderance of the evidence that Defendant violated a term of supervised release.  Supervised release shall be revoked

upon a finding of a Grade A or B supervised release violation. U.S.S.G. § 7B1.3(a)(1). In the present case, Defendant's original offense of conviction was a Class D felony. Accordingly, the maximum imprisonment sentence that may be imposed is 2 years. 18 U.S.C. § 3583(e).

Under the Sentencing Guidelines, which are non-binding,[1] if the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by committing the offense of Manufacture and Delivery of a Controlled Substance as alleged in the petition, he is guilty of a Grade A violation. U.S.S.G. § 7B1.1(a). Defendant's original criminal history category was V. The guidelines provide that Defendant's guideline imprisonment range for a Grade A violation is 30 to 37 months, capped by the statutory maximum of 2 years. If the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by possessing methamphetamine as alleged in the petition, he is guilty of a Grade B violation. U.S.S.G. § 7B1.1(a). With Defendant's original criminal history category of V, the guidelines provide that Defendant's guideline imprisonment range for a Grade B violation is 18 to 24 months. If the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by failing to report as directed, engaging in organized criminal activity with Kathryn Lee, or failing to notify the probation officer of his arrest as alleged in the petition, he is guilty of a Grade C violation. U.S.S.G. § 7B1.1(a). With Defendant's original criminal history category of V, the guidelines provide that Defendant's guideline imprisonment range for a Grade C violation is 7 to 13 months.

---

[1] The United States Sentencing Guidelines as applied to revocations of supervised release "have always been non-binding, advisory guides to district courts in supervised release revocation proceedings." *United States v. Brown*, 122 Fed.Appx. 648, 2005 WL 518704, slip op. p.1 (citing *United States v. Davis*, 53 F.3d 638, 642 (5th Cir. 1995)); see also *United States v. Mathena*, 23 F.3d 87 (5th Cir. 1994) (policy statements contained in Chapter 7 of the Sentencing Guidelines applicable to sentencing a defendant upon revocation of supervised release are advisory only.).

*Hearing*

On September 24, 2024, Defendant appeared for a final revocation hearing. Assistant United States Attorney Dustin Farahnak announced that Defendant and the Government reached an agreement for Defendant to enter a plea of true to Allegation 2 of the petition and to jointly request a sentence of imprisonment for a term of 12 months and 1 day with no further term of supervised release. After the Court explained to Defendant his right to a revocation hearing, he waived his right to a revocation hearing and entered a plea of "true" to Allegation 2 of the petition. Defendant requested a recommendation to the Bureau of Prisons to designate him to FCI Texarkana

*Findings and Conclusions*

I find that Defendant is competent and that his plea and waiver of the revocation hearing was knowingly and voluntarily made. I accept Defendant's plea and find by a preponderance of the evidence that Allegation 2 of the petition is true. Defendant is guilty of a Grade C supervised release violation. I further find and conclude that Defendant's term of supervised release should be revoked and that he should be sentenced to imprisonment for a term of 12 months and 1 day with no further term of supervised release. Any criminal history monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

**RECOMMENDATION**

In light of the foregoing, it is recommended that Defendant's plea of true to Allegation 2 of the petition be **ACCEPTED** and that Defendant's term of supervised release be **REVOKED**. It is further recommended that Defendant be sentenced to imprisonment for a term of 12 months and 1 day with no further term of supervised release. Any criminal monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected

credited towards outstanding balances. It is finally recommended that the Court request the Bureau of Prisons to designate Defendant to FCI Texarkana.

      Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified Defendant of his right to object to this Report and Recommendation and to be present and allocute before being sentenced by the Court. Defendant waived those rights and executed a written waiver in open court. The Government also waived its right to object to the Report and Recommendation. It is therefore recommended that the Court revoke Defendant's supervised release and enter a Judgment and Commitment for him to be sentenced to imprisonment for a term of 12 months and 1 day with no further term of supervised release.

So ORDERED and SIGNED this 24th day of September, 2024.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE